**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE:<br><br>ALAN ALBERT LOURENCO,<br>    Debtor. | CASE NO.    18-51339 (JAM)<br><br>CHAPTER    7<br><br>ECF No.    99 |
| DANIEL C. LOURENCO,<br>    Plaintiff,<br><br>vs.<br><br>ALAN ALBERT LOURENCO ET AL.,<br>    Defendants. | ADV. PRO. NO.    19-05017 (JAM)<br><br>ECF No.    59 |

**NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST OF:**

**(I) MOTION TO APPROVE SETTLEMENT AGREEMENT AFTER MEDIATION AND DISMISS ADVERSARY PROCEEDING; AND**

**(II) DEADLINE TO MOVE TO INTERVENE OR BE SUBSTITUTED AS PARTY/PLAINTIFF IN ADVERSARY PROCEEDING**

The above-captioned adversary proceeding was commenced on July 12, 2019, by the filing of a Complaint against Alan Albert Lourenco (the "Debtor") and other defendants. The Complaint sought, among other relief, the denial of the Debtor's discharge pursuant to 11 U.S.C. § 727.

On December 3, 2020, the parties in the above-captioned adversary proceeding filed a Consensual Motion to Approve Settlement Agreement After Mediation and to Dismiss Adversary Proceeding, Including Objection to Discharge, with Prejudice (the "Motion to Approve Settlement Agreement)," ECF No. 99 in Debtor's Chapter 7 Case No. 18-51339 and

ECF No. 59 in Adv. Pro. No. 19-05017.  Hearings on the Motion to Approve the Settlement Agreement were held on January 12, 2021 and January 29, 2021.

In the Motion to Approve Settlement Agreement, the parties represent that they reached a settlement after a mediation conducted on November 13, 2020, and that the terms of the settlement are memorialized in the Settlement Agreement (the "Settlement Agreement") attached to the Motion to Approve Settlement.  Pursuant to the terms of Settlement Agreement, among other things, the Plaintiff will withdraw the counts of the Complaint seeking a denial of the Debtor's discharge pursuant to 11 U.S.C. § 727 and the Complaint will be dismissed.

**PLEASE TAKE NOTICE** that in accordance with the decision of the United States Court of Appeals for the Second Circuit in the case of *In re Chalasani*, 92 F.3d 1300 (2d Cir. 1996), as a creditor or party in interest you may file a Motion to Intervene pursuant to Fed. R. Bankr. P. 7024 or a Motion to be Substituted as a Party/Plaintiff pursuant to Fed. R. Bankr. P. 7025 in this adversary proceeding because the Complaint seeks a denial of the Debtor's discharge pursuant to 11 U.S.C. § 727.  Any Motion to Intervene or Motion to be Substituted as a Party/Plaintiff must be in writing, must state the reasons for the relief requested, and must be filed in this adversary proceeding and served on the Debtor, the Debtor's Counsel, the Plaintiff's counsel, and any other party entitled to receive service of the motion.  **The deadline to file and serve a Motion to Intervene or a Motion to be Substituted as a Party/Plaintiff is February 19, 2021**.

**PLEASE TAKE FURTHER NOTICE** that in the absence of a timely filed Motion to Intervene or Motion to be Substituted as a Party/Plaintiff, an Order Granting the Motion to Approve Settlement Agreement, which includes dismissal of the Complaint seeking a denial of the Debtor's discharge pursuant to 11 U.S.C. § 727, may enter without further notice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Court's General Order # 4 Regarding Court Operations under the Exigent Circumstances Created by COVID−19, if a timely Motion to Intervene or Motion to be Substituted as a Party/Plaintiff is filed before the **February 19, 2021** deadline in this Notice, a hearing on the Motion will be held remotely on **February 23, 2021** at **10:00 a.m.** using the ZoomGov platform.   Please see the ZoomGov remote hearings information for participants attached to this Notice.

**Important Policy Notice to the Bar, Public, and Media**

Persons granted remote access to hearings and other proceedings held before the Court via ZoomGov, CourtSolutions, CourtCall, or any other remote communication platform, are reminded that pursuant to policy of the Judicial Conference of the United States and D. Conn. Bankr. L. R. 5073–1, it is absolutely prohibited to record, photograph, rebroadcast or retransmit such proceedings (including streaming, screen–shots or any other audio or video reproduction).

A violation of these prohibitions is subject to sanctions, including but not limited to restricted access to future hearings, removal of court issued media credentials, or any other sanctions deemed necessary by the Court.

**ZOOMGOV REMOTE HEARING INFORMATION FOR PARTICIPANTS :**

If you are the debtor, CM/ECF Filer, or CM/ECF User and will be participating in the above scheduled hearing, at least THREE business days before the scheduled hearing, you must contact the Clerk's Office for instructions to connect to the ZoomGov remote hearing by sending an email to the following court email address: CalendarConnect_BPT@ctb.uscourts.gov. If you do not have an email address, you may call the Clerk's Office at (203)579–5808 for the instructions.

**PUBLIC ACCESS TO REMOTE HEARING–LISTEN ONLY**: If you are **not a Remote Hearing Participant** but would like to listen to the hearing, please use the court hearing conference line at 1–877–336–1274 and input the Access Code: 1077800 when prompted.

For further instruction and best practices for appearing remotely utilizing ZoomGov, please find the ZoomGov Guide for Participants on our website at www.ctb.uscourts.gov.

Dated: January 19, 2021

For the Court

Pietro Cicolini
Clerk of Court

United States Bankruptcy Court  
District of Connecticut  
915 Lafayette Boulevard  
Bridgeport, CT 06604

Tel. (203) 579–5808  
VCIS* (866) 222–8029  
* Voice Case Information System  
http://www.ctb.uscourts.gov  
Form 112 – pe